IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMY BEETS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-00118-M (BT) |
| | § | |
| CHARLES E. EDGE, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jimmy Beets filed a *pro se* prisoner civil rights action under 42 U.S.C. § 1983.[1] The Court granted Beets leave to proceed *in forma pauperis*, but withheld issuance of process pending judicial screening. For the following reasons, the Court should dismiss Beets's complaint for failure to state a claim upon which relief may be granted.

I.

Beets filed this complaint against Ellis County Sheriff Charles E. Edge and Correct Care Solutions medical staff at the Wayne McCollum Detention Center. Beets alleges that Sheriff Edge enforces an unconstitutional grievance process that does not allow review of an inmate's claim of inadequate medical care. Beets also claims Sheriff Edge and the medical staff of Correct Care Solutions failed to provide

---

[1] Beets was an inmate at the Wayne McCollum Detention Center in Ellis County, Texas, when he filed this lawsuit. He has since been moved to Colorado and is being held in the Weld County Jail in Greely, Colorado. (ECF No. 8).

1

him adequate medical care when they denied him access to his neurologist of choice at Parkland Medical Center. He seeks money damages and an order that Sheriff Edge change the Jail grievance policies.

## II.

Beets's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III.

## A.     Medical Care

Beets argues Defendants violated his civil rights by denying him access to his neurologist of choice at Parkland Medical Center. (*See* ECF No. 7 at 5.) Beets's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Beets must show that Defendants acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Estelle*, 429 U.S. at 106. This requires proof that Defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Beets's allegations fail to state a plausible claim that Defendants acted with deliberate indifference to his serious medical needs to cause the "unnecessary or wanton infliction of pain." He has alleged no facts from which the Court can reasonably infer that Defendants were deliberately indifferent. Although the Court ordered Beets to state all facts regarding his denial of medical care claim, Beets failed to explain why he needs to be examined by a neurologist—let alone the

3

neurologist of his choice, or how his condition constitutes a serious medical need. (ECF No. 7 at 5.) *See Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) ("Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009)). Beets's denial of medical care claim should be dismissed.

## B.    Jail Grievance Procedures

Beets also argues the jail grievance procedures are unconstitutional. The Fifth Circuit, however, has held that inmates do not have a constitutionally-protected interest in having grievances resolved to their satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam) ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances); *Lijadu v. I.N.S.*, Civ. A. No. 06-0518, 2007 WL 837285, at *3 (W.D. La. Feb. 21, 2007) ("[D]etainees do not have a constitutionally protected right to a grievance procedure – much less one that complies with their own personal preferences." (citation and internal quotation marks omitted)).

4

A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable constitutional claim. *See* 42 U.S.C. § 1997e(b); *see also Archie v. May*, Civ. No. 13-3185, 2014 WL 993506, at *3 & n.1 (W.D. La. Mar. 13, 2014) (collecting cases). Accordingly, inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. *See id.* Beets's jail grievance procedures claim should therefore be dismissed.

## IV.

The Court recommends that Beets's complaint be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

A *pro se* plaintiff should ordinarily be given the opportunity to amend his complaint prior to dismissal, but leave to amend is not required when the plaintiff has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the Court sent Beets a Magistrate Judge's Questionnaire seeking all the facts regarding his claims, and Beets filed a response. Beets has therefore already pleaded his best case, and the complaint should be dismissed without leave to amend.

Signed March 23, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).